KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
MARK A. JOHNSON, State Bar No. 179141
Deputy Attorney General
CATHERINE CHATMAN, State Bar No. 213493
Supervising Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5364
 Fax: (916) 324-2960
 E-mail: Catherine.Chatman@doj.ca.gov
*Attorneys for Respondents*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVEN ALLEN JONES,**<br><br>Petitioner,<br><br>v.<br><br>**MIKE McDONALD, Warden, et al.,**<br><br>Respondents. | 2:10-cv-00196-MCE GGH (HC)<br><br>**SUPPLEMENTAL BRIEF ON** ***SWARTHOUT v. COOKE* AND PETITIONER'S CLAIM ONE** |

Petitioner Steven Allen Jones is a state prisoner seeking relief from his conviction and sentence by means of a petition for writ of habeas corpus filed in this Court by counsel. (*See* docket entry 1.) Petitioner was convicted in state court of murder in the first degree, attempted murder, and robbery. He is serving a sentence of life in prison without the possibility of parole plus seventy-five years to life imprisonment. (*See* docket entry 16 [hereafter, "Answer"] at 1.) An answer to the petition for writ of habeas corpus, a traverse, and a reply memorandum have been filed. (Docket entries 16, 27, 28.)

On October 27, 2011, this Court (Magistrate Judge Timothy J. Bommer) ordered the parties to file briefs addressing the impact of a recent United States Supreme Court case, *Swarthout v.*

/ / /

*Cooke*, __ U.S. __, 131 S. Ct. 859 (2011), on Petitioner's Claim 1. (Docket entry 30.) Respondent Warden hereby respectfully submits this supplemental brief.

**A.   Background**

In Claim 1, Petitioner contended that he was convicted on the uncorroborated testimony of an accomplice, in violation of his right to due process. (Memorandum of Points and Authorities in support of Petition for Writ of Habeas Corpus [hereafter "Mem." or "memorandum"] at m-3.)

Under California law:

> A conviction can not be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.
>
> An accomplice is hereby defined as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given.

Cal. Penal Code § 1111.

Respondent answered that Petitioner is not entitled to relief because the United States Supreme Court has never held that the Constitution requires that the testimony of an accomplice be corroborated in order to support a conviction. (Answer at 12-14, citing, inter alia, *United States v. Augenblick*, 393 U.S. 348, 348-52 (1969)). Rather, the corroboration of accomplice testimony is solely a requirement of state law. (Answer at 12-14, citing, inter alia, *Laboa v. Calderon*, 224 F.3d 972, 979 (9th Cir. 2000)).

Petitioner, acknowledging that "[t]he corroboration rule is not required by the Constitution or federal law" (Mem. at m-3), asserted that his right to due process was violated by the arbitrary deprivation of a state law entitlement, citing *Hicks v. Oklahoma*, 447 U.S. 343 (1980). (Mem. at m-3.) Respondent countered with citation to the United States Supreme Court's decision in *Augenblick*, 393 U.S. at 352 ("[w]hen we look at the requirements of procedural due process, the use of accomplice testimony is not catalogued with constitutional restrictions") and to United States Court of Appeals cases rejecting due process claims based on alleged uncorroborated accomplice testimony. (*See* Answer at 16-17.)

/ / /

### B.   Petitioner's claim fails under *Swarthout v. Cooke*

The United States Supreme Court's recent decision in *Swarthout v. Cooke* only confirms that Petitioner is wrong.  The Court explained: "standard analysis under [the Due Process Clause] proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Cooke*, 131 S. Ct. at 861 (citing *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).  "When . . . a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication - and federal courts will review the application of those constitutionally required procedures." *Id.*  That is "the beginning and the end of the federal habeas courts' inquiry . . . ." *Id.* at 862.  The federal court does not review the state court's decision on the merits, or second-guess the result if the minimum procedures were followed. *Id.* at 862-63.

### 1.   California Penal Code section 1111 does not create a liberty interest

In *Cooke*, the parties agreed that California law had created a liberty interest in parole, *Cooke*, 131 S. Ct. at 861, and the Court had no occasion to further explain that requirement. Here, however, California has *not* created a liberty interest in the corroboration of accomplice testimony.

Certainly, the Fourteenth Amendment provides that the State cannot "deprive any person of life, liberty, or property, without due process of law, and protects the individual against arbitrary action of government . . . ." *Thompson*, 490 U.S. at 459-60 (internal quotation marks and citation omitted).  And the laws of a state may create a "[p]rotected liberty interest. . . ." *Id.* at 460.  But a state creates a liberty interest only by "'placing substantive limitations on official discretion.'" *Thompson*, 490 U.S. at 462 (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)).  Typically, this is done by "by establishing 'substantive predicates' to govern official decision-making, *Hewitt v. Helms*, 459 U.S. [460,] 472 [(1983)], and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met." *Thompson*, 490 U.S. at 462. California Penal Code section 1111 (quoted in its entirety above) does not contain "mandatory language," *Thompson*, 490 U.S. at 463, and does not require "that a particular result is to be

1 reached upon a finding that substantive predicates are met," *Thompson*, 490 U.S. at 464; *see also*
2 *Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995).  The statute does not set out "objective and
3 defined criteria" limiting the discretion of the decision-maker.  *See Wakinekona*, 461 U.S. at 249
4 (internal quotation marks and citation omitted).

5       California Penal Code section 1111 simply reflects the Legislature's policy determination
6 that accomplice testimony is a category of evidence that presents special concerns for reliability.
7 *People v. Najera*, 43 Cal. 4th 1132, 1136-37 (2008).   It "relates to the sufficiency, not
8 admissibility, of evidence."  *People v. Riel*, 22 Cal. 4th 1153, 1190 (2000).  Like  California Penal
9 Code section 1095, which provides that two attorneys may argue the case in death penalty cases,
10 section 1111 "merely creates a state procedural right which is itself designed to facilitate the
11 protection of more fundamental substantive rights," here, a reliable verdict.  *Bonin*, 59 F.3d at
12 842.

13       Because as *Cooke* makes clear, the existence of a liberty or property interest is a necessary
14 component of a Fourteenth Amendment due process violation, *Cooke*, 131 S. Ct. at 861,
15 Petitioner's claim fails.

16       **2.   The State provided fair procedures for the vindication of any liberty**
17       **interest Petitioner may have had**

18       To the extent that it could be said that California Penal Code section 1111 did create a
19 liberty interest, "the procedures followed by the State were constitutionally sufficient." *Cooke*,
20 131 S. Ct. at 861.  As *Cooke* emphasized, what due process requires in this context is "fair
21 *procedures* for" the "vindication" of the liberty interest.  *Id.* at 862 (emphasis added); *accord*
22 *Thompson*, 490 U.S. at 460.  "[F]ederal courts will review the *application* of those
23 constitutionally required *procedures*."  *Cooke*, 131 S. Ct. at 862 (emphasis added).  But that is
24 "the beginning and the end of the federal habeas courts' inquiry . . . ." *Id*.

25       Although California Penal Code section 1111 does not mandate any particular procedures,
26 California has standard jury instructions that protect the concerns underlying the statute.  As
27 noted in the Answer at page 12, Petitioner's jury was given these cautionary instructions
28 regarding the consideration of accomplice Leon Flanagan's testimony.  (2 Clerk's Transcript [CT]

461-66.)  The jury was instructed that Flanagan was an accomplice as a matter of law, in accord with the definition of an accomplice in section 1111.  (2 CT 465.)  The jury was instructed that it could not find Petitioner guilty based on Flanagan's testimony "unless that testimony is corroborated by other evidence which tends to connect [the] defendant with the commission of the offense."  (2 CT 461; *see also* 2 CT 465, 525.)  The jury was given detailed instruction regarding what evidence could or could not constitute corroboration.  (2 CT 462-63.)  Finally, the jury was instructed to view the accomplice's testimony "with caution."  (2 CT 466.)   Petitioner does not allege that there was error in these instructions or that necessary instructions were omitted.

Furthermore, California provides for direct appeal of criminal convictions and sentences.  Petitioner could – and did – seek review of the trial court's application of California Penal Code section 1111 as well as the sufficiency of the evidence corroborating the accomplice testimony.  (*See* Lod. Doc. 5 at 14-19.)

This must be "the end of the federal habeas courts' inquiry . . . ."  *Cooke*, 131 S. Ct. at 862.  If there was a liberty interest at stake in the corroboration of accomplice testimony, it was protected by the instructions given to the jury.  This Court cannot review whether California Penal Code section 1111 was "correctly applied" by the state court. *Cooke*, 131 S. Ct. at 863, when it found that there was sufficient independent evidence presented at trial to corroborate Flanagan's testimony.  (*See* Lodged Document 5 at 14-19.)   That is a requirement "beyond what the Constitution demands," *Cooke*, 131 S. Ct. at 863, and is a matter of state law.

**C.    Conclusion**

The United States Supreme Court's recent decision in *Swarthout v. Cooke* makes it clear that Petitioner had to establish both that California had created a liberty interest in the corroboration of accomplice testimony and that the procedures followed by California in his case State were not constitutionally sufficient.  *Cooke*, 131 S. Ct. at 861.  As discussed above, Petitioner cannot establish either prong.  That being the case, and because the United States

/ / /

/ / /

Supreme Court has never held that the Constitution requires that the testimony of an accomplice be corroborated in order to support a conviction, Petitioner's claim presents no further issue for this Court's review.

Dated:  November 16, 2011               Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MARK A. JOHNSON
Deputy Attorney General


*/s/ CATHERINE CHATMAN*


CATHERINE CHATMAN
Supervising Deputy Attorney General
*Attorneys for Respondents*

SA2010300566
31382487.doc