ORIGINAL                                                                 ORIGINAL

Robert J. Beles bar No. 41993
Paul McCarthy bar no. 139497
One Kaiser Plaza, Suite 2300
Oakland, California 94612-3642
Tel No. (510) 836-0100
Fax. No. (510) 832-3690

Attorneys for *Petitioner*
STEVEN ALLEN JONES

United States District Court
Eastern District of California

| | |
|---|---|
| STEVEN ALLEN JONES, *Petitioner*, vs. MIKE MCDONALD, Warden, High Desert State Prison, Susanville, California, *Respondent*. PEOPLE OF THE STATE OF CALIFORNIA, *Real Party in Interest*. | No. 2:10-cv-00196-MCE-GGH SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF PETITION FOR WRIT OF HABEAS CORPUS**

In the petition for writ of habeas corpus, petitioner raised the issue of whether an accomplice's testimony had been corroborated at trial. Corroboration of an accomplice is not a requirement of federal law. Thus, petitioner addressed the issue under the federal due process clause, relying on *Hicks v. Oklahoma*, 447 U.S. 343, 100 S. Ct. 2227, 65 L. Ed. 2d 175 (1980), which held that an "arbitrary deprivation" of a state law right will violate federal due process of law. [1]

---

[1] In *Laboa v. Calderon*, 224 F.3d 972, 979 (9th Cir. 2000), the Ninth Circuit held that *Hicks* would bar the arbitrary deprivation of the state requirement that a conviction not be had solely on the uncorroborated testimony of an accomplice, but found that the petitioner had not been so arbitrarily deprived.

ORIGINAL                                                                                                      ORIGINAL

*Hicks* involved a state law right to have the length of a penal sentence determined by a jury, a procedure not required by the federal Constitution.  Petitioner was convicted under a habitual offender statute that required that the jury sentence him to a 40-year prison term. After petitioner was sentenced, the state supreme court determined that the 40-year sentencing provision was unconstitutional.  On appeal, the state court acknowledged the unconstitutionality of the 40-year provision, but noted that absent the provision, the jury could have imposed any sentence of ten years or more and thus could have imposed the 40-year sentence. The Supreme Court vacated petitioner's sentence, holding that the state law right to jury sentencing "created a liberty interest [that] is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State." *Hicks v. Oklahoma*, 447 U.S. at 346.  The Supreme Court relied on its previous decisions in *Vitek v. Jones*, 445 U.S. 480, 488-489, 100 S. Ct. 1254, 63 L. Ed. 2d 552, citing *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974), *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 99 S. Ct. 2100; 60 L. Ed. 2d 668 (1979), and *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593; 33 L. Ed. 2d 484 (1972).

All four of the cases relied on in *Hicks* involved a state's deprivation of a liberty right of a prisoner or parolee, and in all four cases, due process concerns were addressed by requiring prior notice, opportunity for a hearing, and certain formalities at the hearing depending on the right involved.  Thus, in *Greenholtz*, involving an initial parole determination hearing with only a possibility that parole might be granted, due process required only a hearing with no particular formalities other than the hearing itself and a statement of reasons for the parole authority's decision.  *Wolff* and *Morrissey* concerned revocation of a status a prisoner or parolee already enjoyed, good time credits or the right to remain on parole rather than being returned to prison, and in these cases, due process required hearings with greater formalities than in *Greenholz* (such as an adversary hearing before an independent decisionmaker.) *Vitek*, involving the transfer of a prisoner from an ordinary prison to a mental hospital, involved a change of status that the prisoner already enjoyed for a less advantageous one, and thus required a hearing with formalities more like *Wolff* and *Morrissey* rather than *Greenholz*.  As can be seen, these four prisoner - parolee cases are not that similar to *Hicks*, which involved the right of a defendant

towho had not yet been sentenced to prison, or to the corroboration issue present here, which is a state law right involving the initial determination of guilt or innocence.

This court has directed the parties to submit supplemental memoranda on the applicability of *Swarthout v. Cooke*, — U.S. —, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2001), apparently to the corroboration issue. *Swarthout v. Cooke* does not cite *Hicks*, *Vitek*, *Wolff,* or *Morrissey,* and thus cannot be read as overruling these cases. It does cite *Greenholtz*. The right involved in *Swarthout* was the right of a prisoner serving an indeterminate sentence to be initially released on parole. The court began by noting that the case was similar to *Greenholtz*, the applicants enjoyed the same right to be heard that was all *Greenholtz* required, and that the federal courts should not have inquired further. The federal courts had gone further, however, reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence. The Supreme Court held that no opinion of theirs authorized the substantive review of such initial parole granting hearings for indeterminately sentenced prisoners, holding that "because the only federal right at issue is procedural, the relevant inquiry is what process (the prisoners) received, not whether the state court decided the case correctly." *Swarthout v. Cooke*, 131 S.Ct at 862-863. Justice Ginzburg, concurring, observed that "if California law entitled [indeterminately sentenced] prisoners to parole upon satisfaction of specified criteria" than *Walpole v. Hill*, 472 U.S. 445, 455, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985) would require some review of the substantive decision of whether the criteria had been met for parole. *Swarthout v. Cooke*, 131 S. Ct. at 863. Presumably, the rest of the court agreed, since it distinguished *Walpole v. Hill*. [2]

*Swarthout v. Cooke* has little bearing on either the state right to a jury determination of sentence involved in *Hicks* or the state corroboration right involved here. The Supreme Court

---

[2] If the parole release date was mandatory, as it would be for a California determinatively sentenced prisoner, it would appear that federal due process would consider the failure to release the prisoner on parole as an arbitrary deprivation of his right to be released on the mandatory release date, even though the release date was prescribed by a state statute. *Cf. North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969) (double jeopardy clause of federal constitution requires that states give full credit for time actually served even though the length of a sentence is a matter of state law.)

itself characterized *Swarthout* as a reaffirmation of *Greenholtz,* suggesting that the decision was specific to parole release situations. As the Supreme Court noted *Walpole v. Hill*, 442 U.S. at 454, "the requirements of due process are flexible and depend on a balancing of the interests affected by the relevant government action." There is nothing in *Swarthout* that undermines the rule in *Hicks* that due process forbids the "arbitrary deprivation" of a state law right or suggests what such "arbitrary deprivation" might be in the totally different situation presented here.

The Ninth Circuit has never overruled or even questioned *Laboa v. Calderon*. A later three-judge panel of the Ninth Circuit is without authority to "overrule a circuit precedent; that power is reserved to the circuit court sitting en banc." *Newdow v. Lefevre*, 598 F.3d 638, 644 (9th Cir. 2010), quoting *Robbins v. Carey*, 481 F.3d 1143, 1149 n.3 (9th Cir. 2007). A three judge panel may only reject a prior circuit opinion as precedent "where the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority." *Newdow, id*, quoting *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003). It follows that a single district court judge cannot do what is forbidden by a panel of the Ninth Circuit. As *Laboa v. Calderon* is not "clearly irreconcilable" with *Swarthout v. Cooke*, this court must follow that circuit precedent.

Dated:  Oakland, California, Monday, December 12, 2011.

s/ Paul McCarthy

**Paul McCarthy**
Attorney for *Petitioner* STEVEN ALLEN JONES